IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Wiley Y. Daniel**

Civil Action No.  04-cv-00280-WYD-CBS

THE HEALTHCARE FINANCIAL GROUP, INC.,

    Plaintiff,

v.

CLARENDON NATIONAL INSURANCE COMPANY and
THE HARTFORD CASUALTY INSURANCE COMPANY,

    Defendants.
_____

**ORDER**
_____

This matter is before the Court on Hartford Casualty's Brief Concerning the Form of Judgment [# 156], filed March 24, 2006.  On April 4, 2006, The HealthCare Financial Group Inc. ("THCFG") filed its Response to Hartford Casualty's Brief Concerning the Form of Judgment [# 158], and on April 7, 2006, Hartford Casualty filed its Reply Concerning the Form of Judgment [# 159].

By way of background, I note that Plaintiff THCFG's First Amended Complaint alleges claims of breach of contract, bad faith breach of contract, and violation of the Colorado Consumer Protection Act ("CCPA"); it also seeks punitive damages on the bad faith claim, treble damages under the CCPA, as well as attorneys' fees and costs under the CCPA.  These claims were alleged against both Hartford Casualty and Clarendon National Insurance Company ("Clarendon"), with an additional breach of contract claim asserted against Hartford for its refusal to reimburse THCFG for the

amount THCFG contributed to the settlement of the underlying lawsuit and for seeking recovery from THCFG the amounts Hartford contributed toward the settlement. On January 26, 2005, the Court received a Notice of Partial Settlement, alerting the Court that THCFG had reached a settlement with Defendant Clarendon. On that same day, Clarendon was dismissed from this case with prejudice.

Beginning on February 27, 2006, an eight-day jury trial was held in this case. On March 10, 2006, the jury reached a verdict in favor of Plaintiff THCFG, finding Hartford Casualty liable for breach of contract, bad faith, punitive damages, and a violation of the Colorado Consumer Protection Act. The jury specifically awarded $1,396,721.30 for breach of contract ( $1,036,721.30 for breach of the duty to defend and $360,000 for breach of the duty to indemnify); $1,396,721.30 for bad faith; $1,396,721.30 in punitive damages on the bad faith claim; and $1,396,721.30 for violation of the CCPA. The jury was instructed in Jury Instruction No. 45(a), "THCFG has sued for the same damages on different claims for relief. If you find for THCFG on more than one claim for relief, you may award it damages only once for the same damages or losses."

In its brief, Hartford Casualty "requests that the Court direct THCFG to elect whether final judgment should be entered on its breach of contract/bad faith/punitive theory or for a violation of the CCPA." Def.'s Br. at 1. It also asks that the Court adjust the economic damages to reflect Clarendon's settlement payment of $285,000 to THCFG. *Id.* at 4–5.

Hartford Casualty first states, "Contrary to the Court's instructions, . . . the jury

awarded multiple, identical claims for the same losses under THCFG's alternative theories." *Id.* at 3.  Hartford Casualty requests that the Court eliminate duplicate damages award and enter judgment on either the breach of contract/bad faith/punitive award or the CCPA award.  In response to Hartford's argument regarding final judgment being entered on either the breach of contract/bad faith/punitive theory or for a violation of the CCPA, THCFG argues that the request is without merit.  Pl.'s Resp. at 2.  However, THCFG also states that "the Court should enter judgment in the amount of $4,190,163.90."  *Id.*  This is the amount of damages for the CCPA claim trebled—i.e., $1,396,721.30 x 3.  In a footnote, THCFG also states that it is entitled to an award of attorneys' fees, making it clear that it seeks damages for the CCPA claim.  *Id.* at 2, n. 1.  In its Reply, Hartford Casualty states, "THCFG disputes that it must make an election between a breach of contract/bad faith/punitive damages award and a CCPA award, but nonetheless chooses the CCPA award."  Def.'s Reply at 1–2.  I agree that this is what THCFG has done, and, consequently, I will enter judgment on the CCPA claim because Plaintiff cannot recover the same damages on different claims for relief per Jury Instruction 45(a).  The next task is to determine the amount of damages to award, which is driven by whether the CCPA damages should be reduced by the settlement with Clarendon.

I initially note that the issue of Clarendon's role was addressed by the parties and the Court when discussing jury instructions and the verdict form in this case.  Hartford Casualty requested that Clarendon, which settled with Plaintiff THCFG prior to trial, be listed on the verdict form as a nonparty to whom the jury could designate fault.

However, because Clarendon had not been properly designated as a nonparty and because I found the jury would be confused by the presence of Clarendon on the verdict form, I refused Hartford Casualty's request to place Clarendon on the verdict form. THCFG's counsel, Christopher Mosley, stated during that discussion, "I believe that the extent that there are any set-off issues with respect to anything that Clarendon may have contributed, that is more appropriately addressed after the trial—after the trial is over." Trial Tr. p. 1368, ll. 8–11, March 9, 2006. I agreed that the issue should be considered after the jury had reached a verdict.

On the issue of the settlement set off, Hartford Casualty states,

> The jury awarded $1,396,721.30 in economic damages. This was, to the penny, the entire amount THCFG claimed it was damaged as a result of its insurers' alleged failure to defend and indemnify it in the underlying lawsuit. THCFG told the jury that it lost $1,036,721,30 (defense costs) plus $360,000 (its contribution to the underlying settlement). But, Clarendon's additional $285,000 payment compensated THCFG for a portion of the damages it asked the jury to award. To ensure that THCFG is not compensated twice for the same alleged injury, the jury's economic award—regardless of whether THCFG elects to recover under its breach of contract/bad faith/punitive damages theory or under its CCPA theory—should be set of by $285,000 (leaving $1,111,721.30).

Def.'s Br. at 4–5.

Hartford Casualty relies on the proposition that compensatory damages should be equal to Plaintiff's injury and not create an economic windfall for Plaintiff. *Id.* at 4. (citing *Ballow v. PHICO Ins. Co.*, 878 P.2d 672, 677 (Colo. 1994)(en banc)). The Colorado Supreme Court has noted that "[c]ompensatory damages are awarded in order to make the injured party whole." *Ballow*, 878 P.2d at 677. Further, "legal redress in the

form of compensation should be equal to the injury." *Id.*

Further, the Tenth Circuit has stated, "It is a fundamental legal principle that an injured party is ordinarily entitled to only one satisfaction for each injury." *Federal Deposit Ins. Corp. v. United Pacific Ins. Co.*, 20 F.3d 1070, 1082 (10th Cir. 1994)(citing *U.S. Indus., Inc. v. Touche Ross & Co.*, 854 F.2d 1223, 1236 (10th Cir. 1988). "'When a plaintiff receives an amount from a settling defendant, therefore, it is normally applied as a credit against the amount recovered by the plaintiff from a non-settling defendant, provided both the settlement and the judgment represent common damages.' . . . This rule applies where the defendants' conduct results in a single injury." *Id.* at 1082–83 (quoting *U.S. Indus., Inc.*, 854 F.2d at 1236).

THCFG, on the other hand, relies on cases which interpret Colorado Revised Statute § 13-21-111.6, which is entitled "Civil Actions – Reduction of Damages for Payment from a Collateral Source." That statute states:

> In any action by any person or his legal representative to recover damages for a tort resulting in death or injury to person or property, the court, after the finder of fact has returned its verdict stating the amount of damages to be awarded, shall reduce the amount of the verdict by the amount by which such person, his estate, or his personal representative has been or will be wholly or partially indemnified or compensated for his loss by any other person, corporation, insurance company, or fund in relation to the injury, damage, or death sustained; except that the verdict shall not be reduced by the amount by which such person, his estate, or his personal representative has been or will be wholly or partially indemnified or compensated by a benefit paid as a result of a contract entered into and paid for by or on behalf of such person. The court shall enter judgment on such reduced amount.

COLO. REV. STAT. § 13-21-111.6. THCFG particularly looks to *Smith v. Zufelt*, where the Colorado Supreme Court held that it is appropriate to offset a jury award with settlement proceeds by the percentage of liability attributed to the settling nonparties. *See Smith v. Zufelt*, 880 P.2d 1178, 1179 (Colo. 1994)(en banc). It also stated that "in those instances in which the settling nonparties are not determined to be at fault, the plaintiff's trial award will not be reduced." *Id.* at 1188. In the present case, Clarendon was not found to be at fault because evidence of its role was not presented to the jury and it was not listed on the verdict form. THCFG posits that, consequently, the settlement proceeds cannot be deducted form the jury award. However, I disagree and find instead that COLO. REV. STAT. § 13-21-111.6, which considers "damages for a tort resulting in death or injury to person or property," by its terms does not apply in this case and does not affect the set off analysis.

The set-off analysis is controlled by *Federal Deposit Insurance Corporation v. United Pacific Insurance Company*. "'When a plaintiff receives an amount from a settling defendant, therefore, it is normally applied as a credit against the amount recovered by the plaintiff from a non-settling defendant, provided both the settlement and the judgment represent common damages.'" *Federal Deposit Ins. Corp. v. United Pacific Ins. Co.*, 20 F.3d 1070, 1082 (10th Cir. 1994)(quoting *U.S. Indus., Inc. v. Touche Ross & Co.*, 854 F.2d 1223, 1236 (10th Cir. 1988). Because the settlement with Clarendon and judgment against Hartford Casualty represent common damages, I conclude that the settlement proceeds should be deducted from the jury award. I further find that settlement proceeds should be subtracted from the jury award prior to the

trebling of damages.  *See Shelter Mutual Ins. Co. v. Tam*, 811 P.2d 388, 390 (Colo. 1991) (en banc)("[T]rial court was correct in . . . deducting the settlement amount before trebling damages . . . ."). Thus, judgment will enter on the amount of $1,111,721.30 ($1,396,721.30 (jury award) – $285,000 (settlement amount paid by Clarendon)) trebled.

Accordingly, it is

ORDERED that judgment shall be entered in favor of THCFG and against Hartford Casualty in the amount of $3,335,163.90.

Dated:  August 22, 2006

                                      BY THE COURT:

                                      s/ Wiley Y. Daniel
                                      Wiley Y. Daniel
                                        U. S. District Judge